## No. 14,060.

LANGLOIS ET AL. *v.* B. F. MERCHANT INVESTMENT COMPANY
ET AL.
(73 P. [2d] 1385)

Decided November 15, 1937.   Rehearing denied December 6, 1937.

Mr. FREDERICK SASS, Mr. FLOYD J. WILSON, for plaintiffs in error.

Mr. J. GLENN SUTTON, Mr. MAX D. MELVILLE, for defendants in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION by plaintiffs in error as minority stockhold-

ers in a corporation suing the corporation and its officers individually for an accounting. On a judgment against them in the trial court, plaintiffs in error assign error and ask us to review and reverse the action of the court below.

In June, 1927, one Benjamin F. Merchant was possessed of an estate of approximately $50,000, consisting of stocks, bonds, and real estate. June 11, 1927, joined by his wife, Mary E. Merchant, and his son, William F. Merchant, he caused the B. F. Merchant Investment Company, a Colorado corporation, capitalized at 500 shares of the par value of $100 each, to be organized. On the same day, in consideration of the issuance to him of 498 shares of the corporate stock, he conveyed to the corporation all of the property he owned. Of the remaining shares, one each was issued to his wife and son. The three constituted the directors, and they chose B. F. Merchant as president and manager, Mary E. Merchant as vice-president and treasurer, and William F. Merchant as secretary. The incorporation and the acts of the directors, thus far, are not challenged.

At the first meeting of the directors, held the same day, and on authority of the articles of incorporation, the directors adopted by-laws, in part, as follows:

Article IV. Section 1. ''The business and property of the corporation shall be managed by a board of three (3) directors * * *. Each director * * * shall receive no compensation for his services as a director * * *.'' Section 6. ''A quorum for the transaction of business * * * shall consist of two members of the board; * * *.'' Section 7. ''The directors shall elect the officers of the corporation, and fix their salaries; * * *.''

Article V. Section 1. ''The officers of this corporation shall be a president, vice-president, a secretary and a treasurer, * * * elected for the term of one year, and shall hold office until their successors are duly elected and qualified. * * *'' Section 2. ''The president shall * * * have general supervision over the affairs of the

corporation and over the other officers; * * * In case of the absence or disability of the president, his duties shall be performed by the vice-president."

On the same day, pursuant to the above quoted by-laws, the directors took the following action:

"On motion duly made and carried, the salary of the president and manager was fixed at three thousand dollars per year, the president and manager not voting upon said motion."

"On motion duly made and carried, the salary of the secretary was fixed at fifteen hundred dollars per year."

"On motion duly made and carried, the salary of the treasurer was fixed at fifteen hundred dollars per year."

June 16, 1927, Benjamin F. Merchant transferred his 498 shares of stock as follows: To his wife he gave 248 shares; to his son, 125½; and to plaintiffs in error (children of a deceased daughter), 62¼ shares each.

Benjamin F. Merchant died January 24, 1928, having acted as president, and drawn his salary as such, from June 11, 1927, until he died. August 29, 1928, a special meeting of the directors was called and Norma M. Sandholm (daughter of William F. Merchant), who had become a stockholder, was chosen to fill the vacancy on the board of directors caused by the death of Benjamin F. Merchant. September 14, 1928, a directors meeting was held, at which a resolution was unanimously adopted to the effect that all the acts of B. F. Merchant were "ratified, approved and adopted." The same day, a further resolution was adopted fixing the salary of Mary E. Merchant as vice-president at $3,000 per year from February 1, 1928, Mary E. Merchant not voting on the latter motion.

At an annual meeting of the stockholders held January 7, 1930, Norma M. Sandholm, William F. Merchant and Mary E. Merchant were duly elected directors, who thereupon chose Mary E. Merchant as president, Norma M. Sandholm as vice-president, and William F. Merchant secretary and treasurer.

April 9, 1934, Mary E. Merchant died. To succeed her on the board, Arline G. Hilker, who had become a stockholder, was chosen June 22, 1934. June 29, 1934, a meeting was held at which payment to the estate of Mary E. Merchant, deceased, of $1,105.49, as balance of salary due her at the time of her death, and accumulated salary of $9,309.92 to William F. Merchant, as secretary, was authorized. May 15, 1935, this action was instituted, since when there appears to have been no further corporate proceedings.

Two propositions are relied upon for reversal of the judgment, namely: (1) The illegality of the action of the original officers in voting salaries to themselves; (2) the unreasonableness of $1,500 a year salary to William F. Merchant as secretary.

■ It is urged that the primary purpose of fixing the salaries was to reduce the amount of taxes payable to the federal government, but we find no support for that in point of fact, and evidently it was never questioned by the federal government. It cannot well be contended that the officers of the corporation were not entitled to some compensation. The minutes of the corporation, and testimony adduced at the trial, show that none of the officers voted for the approval of his (or her) salary. There were no creditors. There is no allegation of fraud or collusion. All of the then stockholders were present and participated in the action, and if dispute had arisen among themselves they would have been estopped to deny the legality of that which they themselves had formally adopted. 1 Cook on Corporations (8th ed.), pp. 21, 22, §3. See also *Buell v. Lanski,* 232 Ill. App. 500. This being true, the plaintiffs in error are in no better position, for they hold as successors in interest to Benjamin F. Merchant, from whom they received their stock. See *Pueblo Foundry & M. Co. v. Lannon,* 68 Colo. 131, 135, 187 Pac. 1031.

■ On the proposition as to whether $1,500 a year salary paid to William F. Merchant as secretary is un-

reasonable, we are disposed to the view of the trial court. William F. Merchant testified, and it was not seriously disputed, ''I have practically managed the place ever since it was started.'' In view of this unchallenged statement, we cannot say that $1,500 a year for the management of a $50,000 corporation is unreasonably high, and the record gives little support to the plaintiffs in error's contention in this regard.

We are of the opinion that error does not appear. The judgment is affirmed.

MR. JUSTICE HOLLAND dissents.